UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**NATHAN PHILLIPS & SAVANNAH PHILLIPS,**

                *Plaintiffs,*

    against                                Civ. Action No.:_____

**STATE FARM FIE AND CASUALTY COMPANY and H2OLEK PLUMBING, INC., d/b/a ROTO-ROOTER,**

                *Defendants.*

---

## NOTICE OF REMOVAL

State Farm Fire and Casualty Company ("State Farm"), pursuant to 28 U.S.C. §§ 1441 and 1446 files its Notice of Removal of this civil action from the Supreme Court of the State of New York, County of Wayne, Index No. CV090351 (the "State Action"), to the United States District Court for the Western District of New York and states:

### I.    BACKGROUND

1. State Farm is an insurance company, incorporated in the State of Illinois with its principal place of business at One State Farm Plaza, Bloomington, Illinois 61710.

2. State Farm issued an insurance policy to Plaintiffs with respect to the property located at 5023 Lasher Road, North Rose, New York 14516, bearing policy number 32-CK-T009-9 (the "Policy").

3. At all times relevant, Plaintiffs were and continue to be residents and domiciliaries of the County of Wayne and the State of New York. (*See* Summons and Compl., ¶ 1, a copy of which is attached as **Exhibit A**).

4. Plaintiffs submitted an insurance claim under the Policy following a water loss at their property located at 5023 Lasher Road, North Rose, New York 14516.

5. State Farm has issued certain payments to Plaintiff as a result of the loss, but Plaintiff is claiming that further benefits are owed under the Policy for the loss.

6. Specifically, Plaintiffs, through their public adjuster, Basloe, Levin & Cuccaro, claim they are owed $218,780.14 for building damage. A copy of the report from Basloe, Levin & Cuccaro is attached as **Exhibit B.**

7. To date, State Farm has paid $86,502.63 for building damage. A copy of State Farm's most recent adjustment worksheet showing the building payments is attached as **Exhibit C.**

8. Based upon the amounts sought by Plaintiffs through their public adjuster and the amounts paid by State Farm to date, there is a balance of $132,277.51 potentially in controversy between the parties. To be clear, State Farm does not agree that the amounts sought by Plaintiffs are owed under the policy of insurance issued to Plaintiffs and State Farm reserves all rights in that regard.

9. On November 29, 2023, Plaintiffs filed the State Action seeking compensatory and consequential damages. *See* Exhibit "A".

10. Plaintiffs have not yet served State Farm.

11. Upon information and belief, Plaintiffs have not yet served Co-Defendant H20lek Plumbing, Inc., d/b/a Roto-Rooter ("Roto-Rooter").

12. Attached as **Exhibit D** is a copy of the online state court docket showing that Plaintiffs have not filed any Affidavits of Service confirming service on any of the Defendants.

27392395.1

## II.     THIS COURT HAS JURISDICTION

13. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 based on the diversity of citizenship between the parties and the amount in controversy. The State Action may be removed to this Court under 28 U.S.C. §§ 1441(a) and 1446. Specifically, (i) the State Action is between citizens of different states[1]; (ii) the amount in controversy exceeds $75,000 exclusive of interest and costs; (iii) the Notice is timely; and (iv) the State Action is pending within the jurisdiction of the U.S. District Court for the Western District of New York.

### A.     There is diversity of citizenship

14. For purposes of diversity jurisdiction, complete diversity exists between citizens of a state and citizens of a foreign state. *See* 28 U.S.C. § 1332(a)(2).

15. For purposes of diversity jurisdiction, a corporation is deemed a citizen of the foreign state in which it has been incorporated and where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

16. Plaintiffs are residents, citizens, and domiciliaries of New York State. (*See* Exhibit A, ¶ 1.)

17. State Farm is incorporated in Illinois with its principal place of business in Illinois. (*See* Exhibit A, ¶ 4.)

18. Although Roto-Rooter maintains its principal place of business in New York, upon information and belief, it has not yet been served in this action. Accordingly, Roto-Rooter's presence as a New York entity does not defeat diversity citizenship for removal purposes. *See*

---

[1] Known as the "Forum Defendant Rule", 28 U.S.C. § 1441(b) applies *only* to parties who have been "properly joined and served as defendants" and none of the defendants have been served in this case.

27392395.1

*Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. Ct. App. 2019) (holding that removal to federal court was proper in a diversity action where one of the defendants was domiciled in the forum state but removal was undertaken before that defendant was served – "By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as federal district court can assume jurisdiction over the action.").

19. Because the citizenship of State Farm is completely diverse from the citizenship of Plaintiffs, the diversity of citizenship requirement of 28 U.S.C. § 1332 is satisfied.

**B.    The amount in controversy is satisfied**

20. The amount of controversy here is at least $132,277.51, the difference between what Plaintiffs deem themselves entitled to and what State Farm has paid, which satisfies the $75,000 amount in controversy requirement of 28 U.S.C. § 1332. *See* Exhibits B and C.

**C.    Notice is timely**

21. Because State Farm has yet to be served and this Notice is filed within one year of commencement of the action, Notice is timely as required by 28 U.S.C. §1446(b)-(c).

**D.    The United States District Court for the Western District of New York is the appropriate venue to remove this action**

22. The State Action is currently pending in the Supreme Court of the State of New York, County of Wayne, which is within the jurisdiction of the U.S. District Court for the Western District of New York.

**E.    Removal is appropriate**

23. Because the parties are citizens of different states and the amount in controversy exceeds $75,000, this action is removable to this Court under 28 U.S.C. § 1441.

24. In accordance with 28 U.S.C. § 1446(a), all process, pleadings, and orders filed and/or served in the State Action are attached as Exhibit A.

25. Attached as **Exhibit E** is a completed civil cover sheet on the requisite form (JS-44).

18. A true copy of this Notice will be promptly filed with the Clerk of the Supreme Court of the State of New York, County of Wayne, and served on all interested parties as required by 28 U.S.C. §1446(d).

**WHEREFORE,** State Farm removes the captioned action from the Supreme Court of the State of New York, County of Wayne, and requests that further proceedings be conducted in this Court.

**DATED**:  December 6, 2023                     **BARCLAY DAMON LLP**

By:   */s/ Mark T. Whitford, Jr.*
         Mark T. Whitford, Jr.

*Attorneys for Defendant*
State Farm Fire and Casualty Company
Office and Post Office Address
2000 Five Star Bank Plaza
100 Chestnut Street
Rochester, New York 14604
Telephone (585) 295-8404
Email: mwhitford@barclaydamon.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court on December 6, 2022 and served on counsels of record via e-mail and UPS Overnight Mail: Kaitlyn M. Guptill, Esq., kguptill@lynnlaw.com, 333 W. Washington Street, Suite 100, Syracuse, New York 13202 and H2OLEK Plumbing, Inc., 291 Buell Road, Rochester, NY 14624.

By:    */s/ Mark T. Whitford, Jr.*
          Mark T. Whitford, Jr.

27392395.1