# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT     COUNTY OF WAYNE

NATHAN PHILLIPS & SAVANNAH PHILLIPS,                         **SUMMONS**

                                        Plaintiff,                    Index No.

        -against-

STATE FARM FIRE AND CASUALTY COMPANY and
H2OLEK PLUMBING, INC.,

                                        Defendants.

Plaintiff designates Wayne County as the place of trial.

The basis of the venue is the loss location and plaintiff's residence, 5023 Lasher Road North Rose, New York 14516.

**YOU ARE HEREBY SUMMONED** to answer the verified complaint in this action and to serve a copy of your answer, or, if the verified complaint is not served with this summons, to serve a notice of appearance on plaintiff's attorney within **20** days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York) and in case of your failure to appear or answer, judgment will be taken by default for the relief demanded in the verified complaint.

Dated:   November 27, 2023
            Syracuse, New York


                                        _____
                                        Kaitlyn M. Guptill
                                        LYNN LAW FIRM, LLP
                                        Attorneys for Plaintiff
                                        333 W. Washington Street, Suite 100
                                        Syracuse, NY 13202
                                        Telephone:  (315) 474-1267
                                        Email: kguptill@lynnlaw.com

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)       INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1    Case 6:23-cv-06695-EAW   Document 1-1   Filed 12/06/23   Page 3 of 10    RECEIVED NYSCEF: 11/29/2023

**Defendants' Addresses:**

**State Farm**
**One State Farm Plaza**
**Bloomington, IL 61710**

**H2OLEK PLUMBING, INC.**
**291 Buell Road**
**Rochester, NY 14624**

LYNN LAW FIRM, LLP    ATTORNEYS AT LAW    SYRACUSE, NEW YORK

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

STATE OF NEW YORK
SUPREME COURT    COUNTY OF WAYNE

NATHAN PHILLIPS & SAVANNAH PHILLIPS,                    **COMPLAINT**

                                    Plaintiffs,        Index No.

        -against-

STATE FARM FIRE AND CASUALTY COMPANY and
H2OLEK PLUMBING, INC., d/b/a ROTO-ROOTER

                            Defendants.

        The Plaintiffs, Nathan Phillips and Savannah Phillips ("Plaintiffs"), by and through their

attorneys, the Lynn Law Firm, LLP, complaining of the Defendants, State Farm Fire and Casualty

Company ("State Farm") and H2Olek Plumbing Inc., d/b/a Roto-Rooter ("H2Olek") alleges:

                            **PARTIES**

        1.        At all relevant times herein, plaintiffs were and are residents of Wayne County,

New York State.

        2.        Plaintiffs own the property located at or about 5023 Lasher Road, North Rose, NY

14516 ("the Insured Premises").

        3.        At all relevant times, and in February of 2023, the Insured Premises was insured

with State Farm.

        4.        At all relevant times herein, State Farm was and is an Illinois Corporation and is

authorized to issue insurance policies for property and casualty in New York State.

        5.        At all relevant times herein, State Farm provided insurance coverage for the Insured

Premises.

        6.        At all relevant times herein, State Farm was and is duly authorized to conduct

insurance business in the State of New York.

SYRACUSE, New York    ATTORNEYS AT LAW    LYNN LAW FIRM, LLP

1

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i))
which, at the time of its printout from the court system's electronic website, had not yet been reviewed and
approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject
filings for various reasons, readers should be aware that documents bearing this legend may not have been
accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1    Case 6:23-cv-06695-EAW    Document 1-1    Filed 12/06/23    Page 5 of 10    RECEIVED NYSCEF: 11/29/2023

7.      At all relevant times herein, H2Olek was and is a domestic business corporation, with its principal place of business in Rochester, NY.

8.      At all relevant times herein, H2Olek was a business, specializing in plumbing heating, and air-conditioning.

9.      At all relevant times herein, H2Olek was doing business as "Roto-Rooter: plumbing, drains, & water clean-up."

10.     Upon information and belief, defendant H2Olek, among other things, was in the business of providing water damage restoration, cleanup, and mold remediation.

11.     Roto-Rooter, among other things, holds itself out to be trained, reliable experts, in the restoration industry, including water damage clean up, water removal, emergency flood services, basement flooding clean up, and mold remediation services.

### THE LOSS

12.     On or about February 18, 2023, there was a sudden and unexpected water loss at the Insured Premises (the "Loss").

13.     The Loss caused immediate and significant damage to the Insured Premises.

14.     At all relevant times herein, defendant State Farm issued to its insured, plaintiffs Nathan Phillips and Savannah Phillips, an insurance policy that provided coverage for the property damage loss at the Insured Premises, Policy No. 32-CK-T009-9 ("the Policy").

15.     The Policy was in full force and effect on or about February 18, 2023.

16.     At all relevant times, plaintiffs paid all premiums due and owing in connection with the Policy and were otherwise in compliance with all obligations in connection with coverage.

17.     Plaintiffs timely and properly notified State Farm of the loss.

2

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

18.     Commencing on or about February 22, 2023, the plaintiffs, entered into an agreement with defendant H2Olek whereby, for good and valuable consideration by the plaintiffs, defendant H2Olek was hired to remediate water damage caused by the water loss at the Insured Premises.

19.     State Farm opened a claim in relation to the Loss and by letter dated August 4, 2023, defendant State farm denied the claim, asserting that damages pertaining to mold growth are due to improper mitigation by Roto Rooter.

20.     State Farm blamed defendant, H2Olek for the catastrophic damages to the Insured Premises.

21.     State Farm has failed and/or refused to make certain payments owed to plaintiffs under the policy.

22.     This disclaimer was wrongful.

## AS AND FOR A FIRST CAUSE OF ACTION IN BREACH OF CONTRACT AGAINST DEFENDANT STATE FARM INSURANCE COMPANY

23.     Plaintiffs repeats and realleges the allegations contained in Paragraphs "1" through "22" above as though fully restated here.

24.     Plaintiffs have fully complied with all terms, conditions, duties, and obligations under the Policy.

25.     The Loss of February 18, 2023, was a Covered Cause of Loss.

26.     State Farm's disclaimer was wrongful.

27.     State Farm has breached its obligations to provide insurance coverage under the Policy and has unilaterally breached its covenant of good-faith and fair dealing implied in its Policy by deliberately, negligently, unlawfully, and wrongfully mishandling plaintiffs' claim and

3

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

deliberately, negligently and wrongfully delaying payment of plaintiffs' claim for coverage for damage at the Premises.

28.     As a result of State Farm's breach of its obligations under the Policy, plaintiffs have suffered direct damages in an amount to be proven at trial.

29.     As a result of State Farm's wrongful disclaimer, plaintiffs are entitled to an award of direct and consequential damages against defendant in such amounts as are established by the evidence, as well as interest, post-judgment interest, costs, and any other fees and disbursements to which plaintiffs may be legally entitled.

### AS AND FOR A SECOND CAUSE OF ACTION IN WAIVER AND ESTOPPEL AGAINST DEFENDANT STATE FARM INSURANCE COMPANY

30.     Plaintiffs repeats and realleges the allegations contained in Paragraphs "1" through "29" above as though fully restated here.

31.     State Farm knew the facts and circumstances surrounding the Insured Premises or with reasonable inquiry should have known such circumstances.

32.     State Farm waived and should be estopped any disclaimer by, the terms of its Policy, the Insurance Policy and their knowledge or the knowledge of its agents/representatives.

33.     Plaintiffs reasonably relied on State Farm to know, record, learn, accept, and ask for all information relevant to the Insured Premises relating to the claim.

34.     State Farm failed to timely inspect or respond to the claim and failed to properly advise plaintiffs.

35.     Plaintiffs were injured by State Farm.

36.     As a direct and proximate result of the practices and acts of State Farm described in this complaint, plaintiffs have incurred losses and damages in an amount that satisfies all jurisdictional requirements of this Court.

4

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

### AS AND FOR A THIRD CAUSE OF ACTION IN NEGLIGENCE AGAINST DEFENDANT H2OLEK PLUMBING, INC., d/b/a ROTO-ROOTER

37.    Plaintiffs repeats and realleges the allegations contained in Paragraph "1" through "36" about as though fully restated here.

38.    That H2Olek, its agents, servants, and/or employees, contractors, and/or subcontractors were negligent and careless as follows: in the manner in which they failed to and/or improperly and/or inadequately serviced maintained, repaired, cleaned, remediated, and/or restored the Premises at issue, in causing mold contamination through the premises; in the supervision, hiring, management, training, instruction, and/or control of their agents, servants, employees, and/or contractors and/or sub-contractors; and in otherwise causing cross-contamination throughout the Premises.

39.    H2Olek had a duty to conduct its work with ordinary and reasonable care.

40.    H2Olek performed plumbing and water damage remediation work following the loss.

41.    H2Olek or its representatives inspected the premises following the Loss.

42.    H2Olek was negligent and careless in its plumbing and remediation work at the insurance house.

43.    Plaintiffs suffered significant days as a result of defendants' negligence.

LYNN LAW FIRM, LLP   ATTORNEYS AT LAW   SYRACUSE NEW YORK

5

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

**WHEREFORE**, Plaintiffs demand judgment be entered against the Defendants, justly and severally, for the following relief:

 a. Compensatory and consequential damages arising out of the Loss in an amount to be proven at trial;

 b. A judgment enforcing the Policy and declaring that State Farm is obligated to provide coverage for all damages arising from the Loss, including costs and interest;

 c. Applicable interest from the date of loss, date of disclaimer or such other date as the Court deems just and proper; and

 d. For such other and further relief as this Court deems just and proper.

Dated: November 27, 2023
   Syracuse, New York

Kaitlyn M. Guptill
LYNN LAW FIRM LLP
Attorneys for Plaintiffs
333 W. Washington Street, Suite 100
Syracuse, NY 13202
Telephone: (315) 474-1267
Email: Kguptill@lynnlaw.com

LYNN LAW FIRM, LLP ATTORNEYS AT LAW SYRACUSE, NEW YORK

6

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.) INDEX NO. UNASSIGNED

NYSCEF DOC. NO. 1    Case 6:23-cv-06695-EAW    Document 1-1    Filed 12/06/23    Page 10 of 10    RECEIVED NYSCEF: 11/29/2023

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK   )
           ) ss.:
COUNTY OF ONONDAGA  )

   I, **Kaitlyn M. Guptill**, the undersigned, an attorney admitted to practice in the courts of New York State affirm that I am the attorney of record for the plaintiffs, **Nathan Phillips and Savannah Phillips** in the within action; I have read the foregoing Summons & Verified Complaint, and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be upon information and belief, and as to those matters, I believe them to be true. The reason this verification is made by me and not by the plaintiffs, **Nathan Phillips and Savannah Phillips** is that I have an office in a county other than the one in which the plaintiffs reside.

DATED:  November 29, 2023
     Syracuse, New York

                   _____
                   **Kaitlyn M. Guptill**

LYNN LAW FIRM, LLP  ATTORNEYS AT LAW  SYRACUSE, NEW YORK

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.